TRAVIS CHRISTOPHER MENDEZ,

     Plaintiff,

v.                        Case No:  2:15-cv-510-FtM-29MRM

ROBERT   HEMPHILL,   Dr.   and
WEXFORD   HEALTH   SOURCES,
INC.,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants Dr. Robert Hemphill's (Dr. Hemphill) and Wexford Health Sources, Inc.'s (Wexford) Motion for Summary Judgment (Doc. #65) filed on March 6, 2018.  Plaintiff filed his response in opposition (Doc. #75) on May 2, 2018.  For the reasons set forth below, the motion for summary judgment is granted.

**I.   STANDARD OF REVIEW**

Summary judgment is appropriate only if it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

> establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The movant may meet this burden by presenting evidence that would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some elements of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322–324.

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, (1986).

## II.  BACKGROUND

This matter is before the Court on plaintiff Travis Christopher Mendez's (Plaintiff or Mendez) Third Amended Complaint

(Doc. #34) alleging violations of 42 U.S.C. § 1983. Plaintiff alleges Defendants showed deliberate indifference to his cystic acne and keloid scaring by not prescribing Accutane, causing Plaintiff to suffer debilitating pain, in violation of his Eighth Amendment rights.

Plaintiff admits that he received treatments for his cystic acne while in the custody of the DOC. Since plaintiff was first incarcerated in 2010, he has been given short courses of antibiotics, E.E.S., washes, creams and gel acne treatments. (Doc. #19 at 8). Plaintiff was also seen on two occasions by a dermatologist, once in 2011 and again in 2013.

Plaintiff was first seen by the Defendant Dr. Hemphill on August 26, 2014, pertaining to an unidentified mass on his throat. (Doc. #19 at 11). Dr. Hemphill opined that the mass was likely a lymph node filled with acne toxin preventing the toxin from entering the blood stream. Dr. Hemphill treated Plaintiff with a Benzoyl Peroxide wash and referred Plaintiff to a specialist, Dr. Galliano. Id. Dr. Galliano first ordered an ultra sound of the lymph node mass and then ordered a biopsy procedure to remove the mass. Id.

Plaintiff argues that the surgery would not have been necessary if Dr. Hemphill had treated his cystic acne with Isotretinoin (Accutane), as had previously been recommended by two dermatologists. Pursuant to Department of Correction policy, Dr.

Hemphill's request to use Accutane was denied, and so Dr. Hemphill pursued alternative treatment.

Plaintiff seeks injunctive relief directing Dr. Hemphill and Wexford to follow the specialists' treatment plan, compensatory damages, and punitive damages. Defendants move for summary judgment as to the Eighth Amendment claim for cruel and unusual punishment, arguing that there was no deliberate indifference to Plaintiff's medical condition. Plaintiff replies that there are genuine issues of fact regarding the treatment he received.

A. *Injunctive Relief*

Plaintiff moves for injunctive relief, asking the Court to order Dr. Hemphill and Wexford to treat him with Accutane, the medication recommended by the specialists he saw in 2011 and 2013. Even if there had been a violation of the Eighth Amendment in the treatment course (which, as discussed below, did not occur), the undisputed facts establish plaintiff is not entitled to such injunctive relief.

Where plaintiff seeks injunctive relief, plaintiff is required to establish "facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Strickland v. Alexander, 772 F.3d 876, 883 (11th Cir. 2014) (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999) (citations omitted)). Injunctions regulate future conduct only, and do not provide relief for past injuries

already incurred and over with.  See Church v. City of Huntsville,
30 F.3d 1332, 1337 (11th Cir. 1994).

In this case, Plaintiff was released from custody on April
24, 2018. (Doc. #76).  Since Plaintiff is no longer incarcerated
at the facility, he is no longer under Dr. Hemphill's and Wexford's
care. (Doc. #76).  The risk that plaintiff will suffer a future
medical issue for which these defendants are responsible is too
remote to support injunctive relief.  Accordingly, even if there
was a past Eighth Amendment violation, summary judgment is granted
to the Defendants as to Plaintiff's requested injunctive relief
remedy.

### B. Eighth Amendment Violation

Plaintiff alleges that Defendants were deliberately
indifferent to the pain and suffering caused by his cystic acne
because they would not prescribe Accutane.  Defendants move for
summary judgment, asserting that Plaintiff has not established the
subjective prong of deliberate indifference or presented any facts
showing that Wexford has a procedure, policy, or custom that denies
inmates access to Accutane.

Prison officials violate the Eighth Amendment when they act
with deliberate indifference to an inmate's health or safety.
Estelle v. Gamble, 429 U.S. 97, 97 (1976). To establish an Eighth
Amendment claim for deliberate indifference to a serious medical
need, a plaintiff must establish: (1) a serious medical need; (2)

deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010). To establish deliberate indifference to a serious medical need, a plaintiff must show subjective knowledge of a risk of serious harm and disregard of that risk by conduct that is more than gross negligence. Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010). With these principles in mind, the Court considers each Defendant's position in the motion for summary judgment.

### (1) *Dr. Hemphill*

Dr. Hemphill argues that he was not deliberately indifferent to Plaintiff's medical issue, but that Plaintiff simply disagrees with his treatment regimen. The Court finds that the undisputed material facts fail to establish deliberate indifference in violation of the Eighth Amendment by Dr. Hemphill.

### (a) *Whether Plaintiff had a Serious Medical Condition*

Plaintiff claims that he was diagnosed with cystic acne during his initial entry into the Department of Corrections (DOC) in 2010. (Doc. #19 at 7). From 2011 through 2013, at least two dermatologists diagnosed Plaintiff with cystic acne and recommended Accutane as the treatment. Id. at 8. Plaintiff describes this condition as "large cysts or boils, w[h]ich vary in size and are sometimes an inch around (or long), rising up a quarter of an inch or more and at least a quarter inch deep." Id.

at 8. The acne covers Plaintiff's chest, back, shoulders, neck, and head. Id. Plaintiff states that the "acne cysts rise up and fester for weeks until they burst and drain a large amount of puss, blood, and little white acne nodules." Id. at 8. Plaintiff's cystic acne causes him serious pain when eating, showering, shaving, sleeping, exercising, and even when turning his head. Id. at 9. Plaintiff states that the acne causes Keloid scaring on his skin and baldness on his scalp. Id. at 10. Plaintiff further states that his cystic acne caused him to get a lymph node mass caused by "acne toxin," which required surgical intervention. Id. at 12-13.

The Court finds that Plaintiff has established the existence of a serious medical condition. Therefore, the first requirement is satisfied.

### (b) *Deliberate Indifference*

Plaintiff asserts that at least two dermatologists recommended Accutane as the necessary treatment for his cystic acne, but Defendants refused to provide him with Accutane. Plaintiff acknowledges that Defendants did provide treatment for his cystic acne, but asserts the treatment was so deficient as to amount to no treatment at all. Defendants respond that Plaintiff's disagreement with the method of treatment is insufficient to support an Eighth Amendment claim.

The Court finds that the undisputed evidence establishes that no reasonable person could find that the care afforded by Dr.

Hemphill constitutes deliberate indifference. At most, Plaintiff's claim is merely a disagreement with a course of medical treatment which was not unreasonable under the circumstances.

Dr. Hemphill did not begin to treat Plaintiff until August 26, 2014, when Plaintiff presented with a mass on his neck near his lymph node. (Doc. #19 at 10-11). Plaintiff does not assert that Dr. Hemphill refused him treatment, only that Dr. Hemphill's treatment was not as effective as his preferred treatment with Accutane. Plaintiff admits in his Complaint that Dr. Hemphill added a treatment regimen of washes and creams akin to the regimen plaintiff had previously been prescribed since he was incarcerated in 2010. Plaintiff also acknowledges that Dr. Hemphill referred him to a specialist for treatment of his lymph node mass. The specialist completed an ultrasound on Plaintiff's neck, and then on March 19, 2015, performed biopsy procedure to remove the toxic mass. (Doc. #19 at 12). While Plaintiff complains that the biopsy caused him pain and permanent scaring, Dr. Hemphill did not perform the biopsy and there is no evidence the biopsy was inappropriate. Thus, Dr. Hemphill added reasonable treatment of Plaintiff's cystic acne, and was not deliberately indifferent. As a result, plaintiff cannot establish an Eighth Amendment claim against Dr. Hemphill, and the motion for summary judgment is granted as to Dr. Hemphill.

### *(2) Wexford*

Wexford is a private corporation contracted by the DOC to provide medical services to inmates.  When a private entity like Wexford contracts with the state to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the state under section 1983. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997); Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

Liability under § 1983, however, may not be based on the doctrine of respondeat superior.  Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc); Craig v. Floyd Cty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011); see Denham v. Corizon Health, Inc., No. 15–12974, 2017 WL 129020, at *4 (11th Cir. Jan. 13, 2017) (stating that when a government function is performed by a private entity like Corizon, the private entity is treated as the functional equivalent of the government for which it works) (citation omitted).  Liability in a § 1983 action only attaches where the entity itself causes the constitutional violation at issue. Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).  Thus, a plaintiff must establish that an official policy or custom of the entity was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs.,

436 U.S. 658, 693–94 (1978).  The policy or custom requirement is designed to "distinguish acts of the [<u>government entity</u>] from acts of <u>employees</u> of the [government entity], and thereby make clear that [governmental] liability is limited to action <u>for which the [government entity] is actually responsible</u>."  <u>Grech</u>, 335 F.3d at 1329 n.5 (quotation and citation omitted) (emphasis in original).

The Department of Corrections limited Dr. Hemphill's ability to prescribe drugs to those listed in the Office of Health Services' Formulary (Formulary). (Doc. #65-3).  Accutane is not listed in the Formulary.  <u>Id.</u>  According to the Department of Corrections, it is their policy that "prescribing be limited to the Formulary unless an exception request is approved by the Regional Medical Executive Director (RMED) or the designee and filed with the Director of Pharmacy Services for each exceptional request." (Doc. #65-6 at 1).  Accutane is specifically listed as a restricted drug that requires central office approval by the deputy assistant of secretary of health services before it can be prescribed. (Doc. #65-6 at 2).  Dr. Hemphill stated that he filed a request for Accutane, but the request was denied.  Thus, Dr. Hemphill was prohibited from prescribing Accutane by the DOC's Formulary.

Despite the existence of such a policy, Dr. Hemphill provided reasonable medical treatment to Plaintiff, and that treatment was not so grossly inadequate as to rise to the level of deliberate

indifference to Plaintiff's medical condition.  See Whitehead v. Burnside, 403 F. App'x 401, 403 (11th Cir. 2010) ("A difference in medical opinion does not constitute deliberate indifference so long as the treatment is minimally adequate.").  At most, Plaintiff establishes a difference of opinion as to the best treatment course and a resulting medical malpractice claim, which is insufficient under the Eighth Amendment.  See Barnes v. Martin City Sheriff's Dep't, 326 F. App'x 533, 535 (11th Cir. 2009) (recognizing that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment). "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Co. Pet. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504).  Consequently, "[d]eliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.  As discussed above, plaintiff received such reasonable care, even if he disagreed with the treatment plan.  Therefore, Wexford's motion for summary judgment is due to be granted.

Accordingly, it is hereby

ORDERED:

(1) Defendants Dr. Robert Hemphill and Wexford Health Sources, Inc.'s (Wexford) Motion for Summary Judgment (Doc. #65) is **GRANTED**.

(2) Judgment is entered in favor of Dr. Robert Hemphill and Wexford Health Sources, Inc. on Plaintiff's Third Amended Complaint, and plaintiff shall take nothing.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate all pending motions and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
SA: FTMP-2